[L. A. No. 1021. Department Two.—November 18, 1902.]

## WALTER A. BELGER, Appellant, v. UBALDO SANCHEZ, Respondent.

EJECTMENT — POSSESSION UNDER CONTRACT OF SALE — PERFORMANCE — FINDING AGAINST EVIDENCE.—In an action of ejectment against a defendant who entered into possession under a contract of sale executed by the plaintiff, a finding that before the commencement of the action the defendant offered to pay the balance of the purchase price upon the execution of a deed, and was always ready to carry out the terms of the contract, whenever the plaintiff should complete its terms, is against the evidence, where the defendant testified that he never offered to pay plaintiff the entire balance of the purchase price, but only the back installments; nor can such finding be sustained upon the testimony of a witness for the defendant, that, acting as the defendant's agent, he found a buyer who would pay cash for the land, and so wrote to the plaintiff.

ID.—CROSS-COMPLAINT—EQUITABLE RELIEF.—In an action of ejectment, where the defendant by cross-complaint sets up a contract of sale executed by the plaintiff, under which he entered into possession,

and claims performance on his part and non-performance on plaintiff's part, it is competent for the court finally to adjudge the rights of both parties under such contract.

ID.—RESCISSION OF CONTRACT—JUDGMENT—ERROR.—Where defendant in his cross-complaint alleged a notice of rescission prior to the filing of the same, and expressed a willingness to surrender possession to plaintiff on payment by him of the amount paid on the purchase price, the court might properly award such relief, less value of rental from the date of the rescission to the date of the trial, and embody it in its judgment. But it was error to give judgment for such relief and also to leave the defendant in possession.

ID.—OPINION OF COURT—REVIEW UPON APPEAL.—Upon appeal the judgment of the lower court must be considered, and not its opinion.

ID.—RIGHT OF VENDOR TO RENTAL IN EJECTMENT.—One who enters into possession under an executory agreement to purchase does not thereby become the tenant of the vendor, and is not liable to him for use and occupation of the premises, until after the purchaser offered, in an action of ejectment by the vendor, in his cross-complaint to surrender the possession upon repayment of purchase money received by the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion.

Long & Baker, for Appellant.

Hugh J. and William Crawford, for Respondent.

CHIPMAN, C.—The verified complaint alleges the ordinary action of ejectment. Mrs. Sanchez made default, which was duly entered. Defendant, Sanchez, answered, denying specifically the allegations of the complaint, and for further answer alleged that he and plaintiff entered into a contract on October 1, 1897, by the terms of which plaintiff sold to defendant the lot in question for the sum of $1,250, payable in installments of $12 per month, and placed defendant in possession; that plaintiff agreed in the contract to do certain work on the premises particularly described in the complaint; that defendant went into possession November 1, 1897, and faithfully kept and performed all the conditions of the contract on his part "up to the sixth day of May, 1899, including an offer to pay the balance due on the purchase price of said premises so as to entitle defendant to a rebate of $100 of the said sum

of $1,250''; alleged the failure of plaintiff to perform his covenants.

By way of counterclaim defendant alleged the execution of the contract as set forth; alleged the agreement on plaintiff's part to make certain improvements as above stated, the cost of which would have been $250, and would have added to the value of the premises by that amount; alleged performance by defendant up to May 6, 1899, and readiness to further perform the conditions on his part upon performance by plaintiff; that after paying $75 defendant demanded that plaintiff place a deed in escrow, as provided by the contract, and make the improvements agreed to be made by him, and alleged that plaintiff wholly failed to do as he agreed; that after said payment of $75 defendant offered to pay the balance on the contract, so as to entitle him to a rebate of $100, as provided in the contract, if plaintiff would do as he had agreed, but plaintiff neglected and failed so to do. Defendant claims damages in $350. By way of cross-complaint, defendant set up the written contract; alleged performance on his part, as hereinbefore stated; that he is still in possession; that between the date of the contract and May 6, 1899, he paid $192 on account of said purchase; alleges plaintiff's failure to perform; that before filing the cross-complaint defendant offered to surrender possession upon payment to him by plaintiff of said $192, and demanded payment thereof, but plaintiff refused to pay the same; alleges payment as above stated, and demands that plaintiff perform as above set forth in other parts of the answer; claimed damages of $192, and that the said sum ''be declared a lien upon the land,'' and that it be sold under decree of court and the proceeds applied to the payment of the costs herein and said sum of $192 and for general relief. The answer of plaintiff to the cross-complaint denied most of the allegations specifically; admitted a payment of $180; alleged that defendant went into possession November 1, 1897, and ever since has remained in possession; that the rental value of the premises from November 1, 1897, to March 2, 1900, date of filing complaint, is $8 per month, amounting in all to $224, and also claimed rental during pendency of the action.

The court found the contract as alleged in the answer; that defendant went into possession November 1, 1897, and paid $180 as installments of the purchase price up to January 1,

1899, "and after the payment of $75 and before the first day of January, 1899, defendant offered to pay plaintiff the balance of the purchase price of said premises upon the execution of a deed thereto, and thereafter and up to the filing of the complaint herein was always ready and willing to carry out his contract whenever the plaintiff should complete the terms of his"; that about March 22, 1900, (the action was commenced March 2, 1900,) defendant notified plaintiff in writing that, because of plaintiff's neglect to perform his part of the contract, "he [defendant] would surrender and deliver up the possession of said premises to plaintiff upon the return by plaintiff to him of the installments of the purchase price paid, and demanded the return of said installments"; that plaintiff has wholly neglected to keep the covenants of said contract on his part, except that he put defendant in possession. As conclusions of law, the court found: That plaintiff take nothing by his action; that as to his action defendant is entitled to go hence with his costs; that defendant on his answer and cross-complaint is entitled to damages in the sum of $180, paid by defendant on account of said purchase, with interest from March 20, 1900, less $22.50, the value of the use of the premises during the months of April, May, and June, 1900. Judgment was accordingly entered. Plaintiff appeals from the judgment and from the order denying his motion for a new trial or a statement of the case.

Appellant claims that the evidence does not support the finding that prior to January 1, 1899, "defendant offered to pay the balance of the purchase price of said premises upon the execution of a deed thereto," and was always ready to carry out his part of the contract "whenever the plaintiff should complete the terms of his." We agree with appellant in this contention. Defendant testified that he "never offered to pay plaintiff the entire balance of the purchase price, but only the back installments"; and this latter offer was made after the plaintiff commenced his action. There is evidence by a witness who testified that he found a buyer for the property who would pay cash, and witness wrote plaintiff to that effect, and he testified that in seeking a purchaser he acted as the agent of defendant. This is not evidence upon which the court could find as it did, especially in view of defendant's own testimony that he never offered to pay plaintiff the entire balance of the purchase price.

Defendant prints in his brief the written opinion of the court, in which the learned judge said: "Defendant is entitled to a judgment upon actual delivery of possession for the amount he has paid, with interest thereon at 7 per cent, less $22.50, use and occupation of the premises after the notice of rescission." The cause was tried July 5, 1900. This view of defendant's rights was not carried into the judgment, for the effect of the judgment is to give defendant damages in the amount he had paid as purchase money, less three months' rental, and also leaves him in possession. We must look to the judgment of the court, and not to its opinion. (*Keech* v. *Beatty,* 127 Cal. 177; *O'Brien* v. *O'Brien,* 124 Cal. 422.) It was error to give defendant judgment for the money he had paid plaintiff and at the same time deny plaintiff the possession. The cause was apparently tried on the equitable defense set up in the cross-complaint, under which we think it was competent for the court to finally adjudge the rights of both parties. The opinion delivered by the court shows that it was its purpose to require defendant to surrender possession to plaintiff on payment by him to defendant of the amount paid by defendant on the purchase price, less three months' rental. Had this been accomplished by the judgment, we cannot see but that the result would have been fair and equitable. Plaintiff claims that he was entitled to rent from the inception of the contract. But this cannot be conceded. Defendant entered under an executory agreement to purchase, and he did not thereby become the tenant of the vendor, and was not liable for use and occupation of the premises. (*Pomeroy* v. *Bell,* 118 Cal. 635.) The court allowed rental to the date of trial from the filing of the cross-complaint, in which defendant expressed a willingness to surrender possession on repayment of the purchase money,—in effect, elected to rescind,—and that was all that plaintiff was entitled to as rental.

For the error above pointed out the judgment and order should be reversed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Henshaw, J., Temple, J.