[Civ. No. 3469.   Fourth Dist.   Oct. 6, 1947.]

RONALD A. BUSH, Respondent, v. PAULINE BUSH, Appellant.

P. E. Durkee for Appellant.

Rutan & Tucker for Respondent.

MARKS, J.—This is an appeal from an order refusing to modify a decree of divorce by changing the custody of the minor child of the parties from its father to its mother.

The original decree dated November 20, 1944, awarded custody of Ronald Mitchell Bush to plaintiff, his father, with the right of reasonable visitation by defendant, the mother, and the right to have him over week ends when it would not interfere with his "health, welfare or training." This decree was affirmed on appeal (*Bush* v. *Bush*, 72 Cal.App.2d 487 [164 P.2d 774]) where numerous pertinent facts are recited. It was then found that defendant was not a fit and proper person to have control of the boy. The case on appeal was decided on January 8, 1946, and the remittitur went down 60 days later. On April 11, 1946, defendant secured an order to show cause why custody of the child should not be changed, which was based on her affidavit.

Ronald would reach the age of five years in July, 1946. For several years he had been in the home of his father who lived with his parents in Santa Ana in Orange County. He was cared for by his father and his paternal grandparents. The record indicates that his life there seemed normal, that he was well cared for and that he possessed the usual frailties found in a boy of his age. He showed much affection for

his father, his mother and his grandparents, all of whom entertained a deep affection for him.

Mrs. Bush lived with her unmarried brother in Redondo, both of them being employed. She worked in an office five days a week from 9 o'clock in the morning to 5 o'clock in the afternoon. There was an excellent private school about one-half mile from the office where she worked. If given custody of Ronald she proposed to leave him at this school on her way to work and pick him up on her return home. If she were away from home on any evening or on Saturday or Sunday she proposed to hire someone to care for Ronald during her absence. She was willing to pay the costs of sending him to this school over any amount the court ordered plaintiff to pay, or all of the expense if plaintiff were required to pay nothing. If plaintiff retained custody of Ronald he proposed to send him to school in Santa Ana when he reached school age.

Defendant's chief causes of complaint are three: (1) That Ronald's table manners were poor; (2) that he was not sufficiently disciplined; (3) that on numerous occasions she drove from Redondo to Santa Ana to get Ronald for week ends but found no one at home and had not been notified of their absence. While she testified to these facts there was other evidence contradicting her. In accordance with the time-honored rule that conflicts in the evidence are settled in the trial court we must accept plaintiff's version and that of his witnesses as true.

Plaintiff testified that only on five occasions in about two years was Ronald away from the Santa Ana home over week ends; that on each occasion he or his mother either did or attempted to inform defendant of the proposed trip.

The evidence leaves the distinct impression that both parties are somewhat to blame for this situation, which could not help but aggravate defendant. Apparently, they were dealing at arm's length with each other. While they are no longer husband and wife, they still are father and mother of Ronald and a little cooperation between them as parents should remove this cause of friction.

Defendant bases her cause on this appeal principally on one sentence in the opinion rendered in the former appeal (*Bush* v. *Bush, supra*), which we have emphasized in the following quotation of the final paragraph of the opinion, which is as follows:

"The situation here, while an unfortunate one, was a practical one which the court had to meet. The father had been keeping the child at the home of his mother, who was 51 years old and who, as the appellant herself testified, was taking perfect care of the child. While it may be true, as the appellant argues, that there is no evidence to show that she was actually immoral or vicious it does appear that she was entirely responsible for breaking up what seems to have been an unusually good home. It seems to be the old story where a young woman not only desires to live her own life, but claims an inherent right to live it at the expense of others. While this mother may not be inherently bad it appears, beyond question, that she tired of her home life and of the work of caring for the baby and that she not only sought outside activity, including some degree of night life, but that she preferred to go around with a man other than her husband, carrying on a relationship with him which was decidedly improper and one which, if persisted in, could have no result other than to break up this home. During the interval between the separation and the trial of the action she continued this outside relationship, and there is not the slightest evidence in the record that she was either changing her conduct or had in any degree changed her attitude toward her responsibilities in life. Under these circumstances and in the absence of any such change in her attitude, or in the conditions under which she was living, it cannot be held, as a matter of law, that the court abused its discretion in awarding custody of the child to the respondent, at least for the time being. That is a matter which not only must necessarily be in the sound discretion of the court, but it is one which is subject to change at any time when conditions warrant. *However, any change with respect to the custody of this child should properly rest upon and be governed by whether or not the appellant changes her attitude toward her responsibilities and her manner of living.*"

Defendant seems to conclude that this one sentence should be construed to mean that if she changes her attitude and mode of life she would be entitled to the custody of Ronald. The opinion does not so hold and cannot be so construed. Of course, she would have to change her attitude and mode of life from that shown by the evidence in the divorce case to even have her application for custody of Ronald given the

slightest consideration, as she was found unfit to have his custody at that time and the evidence supported that finding.

Evidently she has changed her mode of life, but that does not deprive the trial court of the right and duty of determining the question of custody with the welfare of the child as the controlling factor.

One of the rules governing us here is set forth in *Phillips* v. *Phillips,* 48 Cal.App.2d 404 [119 P.2d 736], as follows:

"Section 138, subd. 2, of the Civil Code, . . . reads as follows:

" 'As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor and business, then to the father.'

"This section does not give the mother the *absolute right* to the custody of a child of tender years. The qualifying clause, 'but other things being equal,' still leaves a large measure of discretion with the trial court. If the court finds that other things are *not* equal, as it evidently did here, and there is any substantial evidence to support such a finding, our inquiry is at an end."

In *Foster* v. *Foster,* 8 Cal.2d 719 [68 P.2d 719], it was said:

"An application for a modification of an award of custody is addressed to the sound legal discretion of the trial court, and its discretion will not be disturbed on appeal unless the record presents a clear case of an abuse of that discretion. (*Bancroft* v. *Bancroft,* 178 Cal. 352 [173 P. 582]; *Dickerson* v. *Dickerson,* 108 Cal. 351, 352 [41 P. 475]; *Baldwin* v. *Baldwin,* 111 Cal.App. 148 [295 P. 93].)"

As the trial court exercised its discretion in continuing the award of the custody of Ronald to his father, and as there is nothing in the record to indicate any abuse of that discretion, we cannot reverse the order under attack here.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.