[S. F. No. 18573. In Bank. July 11, 1952.]

NEILMA BAILLIEU GANTNER, Respondent, v.
VALLEJO GANTNER, Appellant.

Morris Lowenthal and Juliet Lowenthal for Appellant.

Young, Rabinowitz & Chouteau, Harry S. Young and John E. Anderton for Respondent.

TRAYNOR, J.—Neilma and Vallejo Gantner were married in 1941. Two children were born of the marriage, Vallejo and Carillo, now aged 11 and 9. On August 9, 1949, the trial court entered an interlocutory decree granting Neilma a divorce and awarding Neilma and Vallejo joint legal custody of the children. Neilma was given physical custody of

the children subject to Vallejo's right to visit them and to have them with him several weekends each month. Neither party appealed. The final divorce decree contained the same custody provisions as the interlocutory decree.

On April 17, 1951, Vallejo filed a notice of motion requesting that the custody provisions be modified to give him physical custody of the children. The motion was heard before the same judge who had heard the divorce action. The court found that it was in the best interests of the children for them to remain in Neilma's custody and denied the motion. It also modified the decree, limiting Vallejo's right to have the children with him and his right to visitation. The present appeal followed.

Vallejo contends that the trial court abused its discretion in refusing to transfer custody to him. The trial court has broad discretion in such matters, and its decision will not be reversed or modified by an appellate court unless the record clearly shows an abuse of that discretion. (*Prouty* v. *Prouty,* 16 Cal.2d 190, 191 [105 P.2d 295]; *Foster* v. *Foster,* 8 Cal.2d 719, 730 [68 P.2d 719]; cases collected in 9 Cal.Jur. 798.)

There is abundant testimony to support the trial court's determination that it is to the best interests of the children to remain with Neilma. Witnesses testified that the children were mentally and physically healthy, that the relationship between Neilma and the children was one of love and companionship, and that they received proper care and attention. Vallejo introduced considerable testimony to the effect that Neilma was not taking proper care of the children. The trial court did not accept Vallejo's version of the facts and resolved conflicts in the evidence in favor of Neilma. (*Foster* v. *Foster, supra; Bush* v. *Bush,* 81 Cal. App.2d 695, 699 [185 P.2d 38].)

Vallejo also contends that the trial court erred in several rulings regarding admission and rejection of evidence.

The parties stipulated that the trial judge could privately interview the children in chambers. Afterwards the judge stated for the record that the children appeared equally devoted to both parents. He stated that the boys informed him. that they preferred living in the country to living in the city, but did not express any preference for one parent over the other. Neilma lives in the country and Vallejo lives in the city. Apparently fearing that the court might give undue weight to the children's preference for the country,

Vallejo requested the court to ask the children "in open court if necessary" which parent they preferred. The request was denied. No error appears in this ruling. The court pointed out that little weight would be given to the children's preference, since they did not appear to him to be of sufficient age to form an intelligent preference for one parent over the other. (Civ. Code, § 138(1)). The question proposed by Vallejo would thus have had little if any probative value and would have served only to subject the children to serious emotional disturbance.

Vallejo contends that the trial court improperly rejected his offer to prove that during the marriage Neilma had slapped the children and had stated that she did not want the responsibility of caring for them. Some of the evidence offered had been presented at the 1949 trial of the divorce action; the remainder had not on the advice of Vallejo's attorney. At that trial the court rejected Vallejo's attack on Neilma's character and found that she was "a fit and proper person to have the joint legal custody, care and physical custody of said minor children." No appeal was taken from the 1949 judgment.

In divorce actions the trial court has continuing jurisdiction to modify the custody provisions of the divorce decree. (Civ. Code, § 138.) "But this does not mean the parties to such litigation may after a court has once heard evidence upon the subject of their fitness and ruled upon the question, immediately again invoke the powers of the court to have it inquire into the same or other facts existing at the time of or prior to the former decree. Such holding would lay a foundation for interminable and vexatious litigation. The rule is stated to be that to justify a modification there must be a change of circumstances arising after the original decree is entered, or at least a showing that the facts were unknown to the party urging them at the time of the prior order, and could not with due diligence have been ascertained." (*Foster* v. *Foster*, 8 Cal.2d 719, 727 [68 P.2d 719], quoting from *Olson* v. *Olson*, 95 Cal.App. 594, 597 [272 P. 1113]; accord: *Munson* v. *Munson*, 27 Cal.2d 659, 666-667 [166 P.2d 268]; *Prouty* v. *Prouty*, 16 Cal.2d 190, 193 [105 P.2d 295].) In determining whether circumstances have changed, however, the court necessarily considers the facts established in the former proceeding as a basis for comparison. (*Crater* v. *Crater*, 135 Cal. 633, 634 [67 P. 1049]; *Simmons* v. *Simmons*, 22 Cal.App. 448, 452 [134 P. 791].) In

the present case, the trial judge had presided at the former trial and was therefore familiar with the circumstances then existing. The findings of fact and conclusions of law at the former trial were introduced in evidence. The evidence of Neilma's conduct preceding entry of the interlocutory decree was therefore properly rejected as nonresponsive to the issues in the modification proceeding. (See *Smith* v. *Smith*, 85 Cal. App.2d 428, 433 [193 P.2d 56]; *Valentine* v. *Valentine*, 47 Cal.App.2d 438, 440 [118 P.2d 17]; cases collected in 9 A.L.R.2d 623.)

Vallejo next contends that the trial court abused its discretion in modifying the divorce decree so that the children could live with him only during parts of Christmas holidays and school vacations and he could visit them only on Sundays "from breakfast time to bed time."

The evidence supports the modification. Vallejo himself testified that the children were emotionally disturbed by being shifted from one home to the other on weekends. Neilma testified that the children were disrespectful to her after visiting Vallejo. Neilma also stated that when she disciplined the children they would say "I'll tell my father on you." Vallejo states in his brief that a divided custody arrangement is unworkable and urges this court to award him undivided custody to end the "pulling and tugging by the parents." The same reasoning would apply on behalf of Neilma. Some experts believe that divided custody is harmful to the welfare of children (Plant, *The Psychiatrist Views Children of Divorced Parents*, 10 Law and Contemp. Prob. 807, 816) although others believe that barring exceptional circumstances, children should continue their relations with both parents. (Weinman, *The Trial Judge Awards Custody*, 10 Law and Contemp. Prob. 721, 728.) In each case, the trial judge must determine what is in the best interests of the children. The trial court in the present case could reasonably conclude from the evidence that a modification of the custody arrangements was advisable. (See *Cornwall* v. *Cornwall*, 108 Cal.App.2d 95, 108 [238 P.2d 8].)

Vallejo contends that the trial judge was guilty of bias and prejudice, an issue raised for the first time on appeal. Much of his argument is directed at matters not in the record. Thus he alleges that "the trial judge ignored appellant's witnesses on the first day and from then on . . . he looked away from them and at the opposite wall all during their testimony, except when he occasionally tried to

elicit from them something adverse to Vallejo." Again, he asserts that "the trial judge, in his chambers, ridiculed all of counsel's arguments as to the relevancy of the evidence to be produced by Vallejo's witnesses and revealed a prejudicial attitude against Vallejo." No affidavits were filed to support the statements in the brief. (*Cf. Webber* v. *Webber,* 33 Cal.2d 153, 164 [199 P.2d 934] [affidavits unnecessary when misconduct of judge appears on face of record].)

■ Statements of counsel in briefs are not part of the record on appeal. (See *Ware* v. *Security-First Nat. Bank,* 7 Cal.2d. 604, 608 [61 P.2d 936]; *Lady* v. *Barrett,* 43 Cal. App.2d 685, 687 [111 P.2d 702].) The question whether the trial court was biased must therefore be determined from matters appearing in the reporter's transcript.

■ Vallejo relies on the trial court's refusal to admit in evidence his memorandum opinion in the 1949 trial, allegedly "directly and unequivocally contrary to his whole attitude in the 1951 proceedings." The court, however, admitted the findings of fact and conclusions of law in the 1949 action. It acted properly in refusing to admit the memorandum opinion, since the findings superseded it. (See *Belger* v. *Sanchez,* 137 Cal. 614, 618 [70 P. 738]; *Williams* v. *Kinsey,* 74 Cal.App.2d 583, 600-601 [169 P.2d 487].)

■ Vallejo states that the trial court refused to allow him to ask a witness whether Vallejo had a good influence on the children and declared, when Vallejo nevertheless attempted to ask the question, "I am running the court and you are going to mind the judge." Since Neilma had conceded that Vallejo's relation with the children was one of love and devotion, the court's ruling was correct. Its remark was justified by counsel's attitude towards the court. The court also properly stated, "Let's not have any repetition or cumulative evidence of the type we have had for the past twenty-four hours." There was no need to waste time hearing testimony on facts conceded by the other party.

■ The other charges of prejudice involve only adverse rulings or attempts by the trial judge to direct the course of the trial. There is no evidence of misconduct. A trial judge is not a mere passive spectator at the trial. "Within reasonable limits, it is not only the right but the duty of a trial judge to clearly bring out the facts so that the important functions of his office may be fairly and justly performed." (*Estate of Dupont,* 60 Cal.App.2d 276, 290 [140 P.2d 866], and cases cited therein.)

Vallejo suggests that the trial judge's "own domestic difficulties affected or confused his thinking on the subject" and alleges that the trial judge was divorced in 1950. There is nothing in the record to indicate that the personal life of the trial judge led him to be biased against Vallejo.

In view of the attack on the trial judge, we think it should be said that the record demonstrates that he impartially controlled the course of the trial. In cases relied upon by Vallejo, such as *Webber* v. *Webber*, 33 Cal.2d 153 [199 P.2d 934], the trial judge had exhibited bias and prejudice throughout the trial of the issues. In the present case nothing more is shown than that the trial judge refused to allow Vallejo to develop immaterial matters and that the judge did not believe Vallejo's evidence and accepted that of Neilma and her witnesses.

### Australian Vacation Order

In a proceeding consolidated for trial with the modification proceeding Neilma sought permission from the trial court to take the children to Australia for a temporary vacation trip to visit her relatives. Court permission was necessary because the divorce decree contained a provision restraining both parents from taking the children from the state. Neilma offered evidence to support her motion and Vallejo vigorously opposed it. Before deciding the matter, however, the trial court denied Vallejo's application for modification of the divorce decree, and he immediately perfected the present appeal. Since the appeal deprived the trial court of jurisdiction to pass on the vacation order, a matter necessarily embraced within the appeal (*Lerner* v. *Superior Court*, 38 Cal.2d 676, 681 [242 P.2d 321]), we issued prohibition to preclude the trial court's entering the Australian order during the pendency of the appeal. (*Gantner* v. *Superior Court*, 38 Cal.2d 688 [242 P.2d 328].) We also denied Neilma's application to this court for a similar order. (*Gantner* v. *Gantner*, 38 Cal.2d 691 [242 P.2d 329].)

The trial court has therefore never entered an order on the Australian vacation issue. In denying modification of the custody provisions of the final decree, however, it stated that it would be in the best interests of the children to travel with their mother to Australia, that the filing of a cash bond by the mother would be sufficient assurance that the removal would be temporary, and that it would enter an order allow-

ing the removal whenever the appellate court permitted an order to be made.

Since the writ of prohibition in *Gantner* v. *Superior Court, supra,* was issued for the pendency of the appeal only, our affirmance here will remove the jurisdictional barrier and allow the trial court, in its discretion, to enter an order allowing Neilma to take the children to Australia. Both Neilma and Vallejo have requested this court to issue an advisory ruling to the trial court informing it whether it may enter the Australian order, even though there is no appeal before us on this issue and no findings of fact or order to review.

Vallejo contends that this court "must as a matter of law . . . give a clear mandate to the trial court and to Neilma that under no circumstances are the children to be taken to Australia, this year or in any other year, until they desire to do so of their own free will and choice." Insofar as this contention is based on the theory that the trial court (in the absence of the pendency of an appeal) lacks jurisdiction to allow Neilma to take the children from the state, it is without merit. If the trial court concludes that the best interests of the children would be promoted by removal to Australia, either permanently or temporarily, and its decision is supported by sufficient evidence, removal would be proper. (*Clarke* v. *Clarke,* 35 Cal.2d 259, 262 [217 P.2d 401]; *Shea* v. *Shea,* 100 Cal.App.2d 60, 63 [223 P.2d 32]; *White* v. *White,* 68 Cal.App.2d 650, 652 [157 P.2d 415]; *Edwards* v. *Edwards,* 191 Ore. 275, 280 [227 P.2d 975]; see cases collected in 154 A.L.R. 552.) Vallejo points out that if Neilma is permitted to take the children to Australia, the courts of that country would have jurisdiction to enter a new custody award. (See *Sampsell* v. *Superior Court,* 32 Cal.2d 763, 779 [197 P.2d 739]; In re B's Settlement, 1 Ch. 54 [1940].) He thus presents an argument that the trial court must consider in passing on the vacation matter; but does not show that the trial court could not under any circumstances allow the trip to be made. Vallejo also notes that the 1949 divorce decree restrained Neilma from taking the children from the state. The trial court, however, has continuing jurisdiction to modify custody provisions of divorce decrees. (Civ. Code, § 138.)

Neilma has requested this court to enter its order in such form as to permit the children to visit Australia "so that the further function of the trial court herein shall be and become purely ministerial in character." The only authority

cited to authorize the requested order is section 956a of the
Code of Civil Procedure, providing that appellate courts may
take "additional evidence of or concerning facts occurring
at any time prior to the decision of the appeal and may
give or direct the entry of any judgment or order and
make such further or other order as the case may require."

The purpose of section 956a is to permit an appellate
court to remedy defects in the record "to the end that the
judgment or order appealed from may be affirmed and fur-
ther litigation terminated, and where otherwise under the old
practice the judgment or order would have to be reversed."
(*Tupman* v. *Haberkern,* 208 Cal. 256, 266 [280 P. 970] ; see
also *Johndrow* v. *Thomas,* 31 Cal.2d 202, 207 [187 P.2d 681].)

But in asking this court to order the trial court to
enter the Australian vacation order, Neilma is in effect seek-
ing to obtain an order from this court modifying the final
divorce decree, a question never decided by the trial court.
There are no findings of fact on that issue. As pointed out
in the Tupman case, section 956a "was not intended to con-
vert the appellate tribunals of the state into triers of fact."
(208 Cal. at pp. 269-270.) The motion to enter a special
order under section 956a cannot be granted.

Neilma argues that Vallejo will "foment other and further
vexatious litigation for the purpose of unduly delaying the
visit of the minor children to Australia." Her argument in-
dicates a misconception of the scope of the decision in *Gant-
ner* v. *Superior Court, supra.* We there held that during the
pendency of the appeal the trial court was deprived of juris-
diction to enter an order allowing the children to leave the
state. (Code Civ. Proc. § 946.) Nothing in that decision
deprives the trial court of jurisdiction to enter the Australian
vacation order merely because Vallejo may inaugurate new
attempts in the trial court to modify the custody decree. The
situation presented in *Gantner* v. *Superior Court* will recur
only if the trial court should pass on any such motion for
modification before it passes on the Australian order, so that
Vallejo would be enabled to perfect an appeal and remove
the cause from the jurisdiction of the trial court.

When the writ of prohibition is discharged following ter-
mination of this appeal, the court may decide the vacation
issue on the basis of the evidence previously presented and
such additional evidence as may be presented by the parties
regarding facts arising after issuance of the writ of pro-
hibition, or facts that were unknown to the parties at the

former proceeding and that could not have been ascertained with due diligence. Since the trial on the vacation issue has never been completed, but only suspended by the appeal from the order denying modification of the divorce decree, use of the evidence at the 1951 hearing does not come within the rule that evidence at a former trial is usually inadmissible at a second trial. (See *Blache* v. *Blache,* 37 Cal.2d 531, 534-536 [233 P.2d 547].)

 Neilma has filed a motion requesting this court to take additional evidence under section 956a to support an affirmance of the order denying modification of the final decree. Since there is sufficient evidence in the record to support the findings and the order below, no purpose would be served by granting the motion and it will therefore be denied.

The order denying the motion to change custody is affirmed. The motions to make a special order and to take additional evidence under section 956a are denied.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Spence, J., concurred.