[Civ. No. 21426.    Second Dist., Div. One.    Apr. 16, 1956.]

DAVID LIVINGSTONE ROBERTSON, Respondent, v. MARY JANE SMILEY ROBERTSON, Appellant.

Charles R. Hand for Appellant.

George H. Pratt for Respondent.

FOURT, J.—This is an appeal by defendant from orders modifying certain orders theretofore made with reference to the custody, support and maintenance of the minor child of the parties to the action.

The parties hereto were formerly husband and wife. On March 5, 1951, the plaintiff husband was granted an interlocutory decree of divorce from the defendant. The custody of the minor child, who at that time was approximately 9 months of age, was awarded to defendant. The plaintiff was granted the right to visit the child on each Saturday from 2 p.m. until 4 p.m., and was ordered to pay $50 per month toward her support. A final judgment of divorce was made and entered March 11, 1952, adopting the provisions of the interlocutory decree with respect to the custody, support and maintenance of the child.

On October 28, 1954, defendant filed an order to show cause and affidavit *in re* modification of the interlocutory decree wherein she sought to have the plaintiff pay $75 per month for the support and maintenance of the child and a reasonable attorney's fee. This matter was continued from time to time. On March 14, 1955, plaintiff filed an order to show cause and affidavit *in re* modification of the order with respect to the custody of the child, wherein he requested that he be allowed to take the child with him on alternate week-ends from 8 a.m. on Saturday to 7 p.m. on Sundays, and for one month during the summer vacation period; he further requested that defendant be restrained from removing the child from Los Angeles County without an order of court.

Defendant thereupon, on March 24, 1955, filed an order to show cause and affidavit *in re* modification of child support wherein she requested $90 per month for the support and maintenance of the child, and that the plaintiff pay her attorney a reasonable attorney's fee.

The matters were heard on April 1, 1955, and after a full and complete hearing the court ordered that the plaintiff was to have the child with him on alternate week-ends from 10 a.m. Saturday until 7 p.m. Sunday, starting April 9, 1955; that if the plaintiff did not wish to exercise the right of visitation, he was to give the wife 24 hours' notice thereof; that the plaintiff was to have the child with him for two weeks during the summer vacation period and during such time the child support payment was reduced accordingly; the payments for the child support were increased to $65 per month, starting May 1, 1955, and to continue until the further order of the court; the defendant's request for attorney's fees was denied. On April 6, 1955, by a *nunc pro tunc* order, both parties were restrained from removing the child from the Southern California area without an order of court first had and obtained.

Defendant's notice of appeal sets forth that she appeals from that part of the order which in effect gives the plaintiff custody of the child on alternate week-ends from 10 a.m. Saturdays to 7 p.m. Sundays, and two weeks during the summer vacation period, and which denies attorney's fees for her attorney.

At the hearing there was testimony by a pediatrician, who was called as a witness for the defendant, to the effect that the father should be allowed to visit the child and that it would be to the best interests of the child for her to get better acquainted with her father. The doctor further stated that the physical health of the child was good. There was evidence as to the earnings of each of the parties; that the plaintiff received about $320 net per month for his work and labor. The plaintiff testified that he was supporting himself and his second wife; that the second wife of the plaintiff was gainfully employed. There was testimony that the defendant earned about $245 net each month, and that she had saved several $25 war bonds since she had started to work. There was no evidence whatsoever to indicate that the plaintiff's conduct, standards of living, moral principles or integrity were anything other than wholly satisfactory insofar as such matters had to do with his having the child on week-ends.

It was admitted that the plaintiff had complied with all orders of the court theretofore made with reference to the support and care of the child.

The judge had the opportunity to observe the parties and the other witnesses in the proceeding; his comment at the conclusion of the case was to the effect that there had been but little cooperation on the part of the defendant as far as the visitations to the child were concerned.

■ The primary consideration in this matter is the welfare of the child. ■ The law is well settled in this state that the court is given a wide discretion in such matters and its determination will not be disturbed upon appeal in the absence of an manifest showing of abuse. (*Gantner* v. *Gantner*, 39 Cal.2d 272, 275 [246 P.2d 923] ; *Gudelj* v. *Gudelj*, 41 Cal.2d 202, 208 [259 P.2d 656].) Every presumption supports the reasonableness of the order, and there is not the slightest showing here of an abuse of discretion.

Judgment affirmed.

White, P. J., and Doran, J., concurred.