Filed 6/19/14  Vissuet v. Bank of America CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| FRIDA VISSUET,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BANK OF AMERICA, N.A.<br><br>    Defendant and Respondent. | D063524<br><br><br>(Super. Ct. No. 37-2011-00096197-<br>CU-OR-CTL) |


APPEAL from a judgment of the Superior Court of San Diego, William S. Dato, Judge.  Affirmed.


Arizmendi Law Firm and Ruben F. Arizmendi for Plaintiff and Appellant.

Bryan Cave and Stuart Winston Price, Brendon K. Barton for Defendant and Respondent.


Plaintiff and Appellant Frida Vissuet appeals from a judgment on the pleadings in favor of defendant and respondent Bank of America, N.A. (Bank) on Vissuet's first

amended complaint asserting causes of action arising from her attempts to modify her real estate loan and the ensuing foreclosure of her home. Vissuet contends the trial court was biased and erred by granting judgment on the pleadings in Bank's favor and by denying her request for leave to file a second amended complaint. Vissuet asks us to review her second amended complaint de novo, presumably to assess whether she states viable causes of action. Because Vissuet has not met her appellate burden to overcome the presumption of correctness or demonstrate reversible error, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[1]

In August 2011, Vissuet filed a complaint against Bank setting forth causes of action for "damages for intentional misrepresentation of fact," fraud and deceit, negligent misrepresentation, breach of the covenant of good faith and fair dealing, violation of Civil Code section 1572, and declaratory relief. In part, Vissuet alleged that in August 2007 she had obtained a loan with Countrywide Home Loans, Inc. in the amount of $540,000 for property located on Corral Canyon Road in Bonita, California, which loan was eventually assigned to BAC Home Loans Servicing, L.P. She alleged that in

---

[1] On review of an order granting judgment on the pleadings, the appellate court usually treats as true the material facts alleged in the operative complaint and facts that may be implied or inferred from those expressly alleged. (*Haight, Brown & Bonesteel v. Superior Court* (1991) 234 Cal.App.3d 963, 968.) But Vissuet does not in her factual statement summarize the material allegations of her operative pleading. Rather, she sets out allegations that, according to her, are "identical to those brought by the Nevada Attorney General against Bank of America, BAC Home Loans Servicing, and Recontrust, in which Attorney General Catherine Cortez Masto alleges that these entities engaged in unlawful and deceptive practices by misrepresenting to homeowners that they had authority to foreclose despite the fact that there were fatal deficiencies in transfers to the securitization Trusts." She asserts that the "essence of the foregoing was alleged in various stages of the complaint in the Superior Court below."

2

February 2010, a notice of default was filed with a past due amount of over $42,000. Vissuet alleged that in October 2009, she retained an attorney to pursue a loan modification. In her complaint, Vissuet set out numerous conversations she had with Bank personnel between February 2010 and August 2011 regarding her eligibility for loan modification and postponement of the trustee's sale. At about the same time she filed her original complaint, Vissuet applied ex parte for a temporary restraining order enjoining Bank from conducting a trustee's sale.

In September 2011, Vissuet filed a first amended complaint including the same causes of action and adding causes of action for quiet title, negligent infliction of emotional distress, promissory estoppel and conspiracy. Vissuet alleged that Bank proceeded with the trustee's sale of her property on August 12, 2011, without notifying her of certain alternatives to foreclosure. She further alleged Bank sold the property below fair market value in order to "complicate" her lawsuit.

On September 30, 2011, Vissuet's counsel sought ex parte to consolidate Vissuet's action with an unlawful detainer action filed on August 18, 2011, by the purchaser of the property, Property Sales II, LLC. Bank answered the complaint in October 2011.

In November 2011, Vissuet applied ex parte to file an amended complaint. She asked for leave to add Property Sales II, LLC, and its principal, Joe Lyden, who assertedly purchased the property at the foreclosure sale and initiated the unlawful detainer proceeding. Vissuet also sought leave to add causes of action to set aside the trustee sale, cancel the trust deed, and enjoin the unlawful detainer action. The trial court ordered Vissuet to file a noticed motion regarding that proposed amendment.

3

Vissuet again moved to consolidate her action against Bank with the unlawful detainer action. She unsuccessfully attempted to shorten time on consolidation motions again in January and March 2012 and eventually filed her motion in April 2012.

Bank moved for judgment on the pleadings. In part, it argued Vissuet lacked standing because she had not tendered the amount of the secured debt; Vissuet did not meet the heightened pleading standard to allege fraud and her complaint on that point set forth only argumentative or conclusory allegations; Vissuet's claim of promissory estoppel was barred by the statute of frauds; Vissuet did not tie her allegations as to breach of the covenant of good faith and fair dealing to an express term of her promissory note; quiet title was not available because Vissuet's first amended complaint was unverified and she had not tendered payment of her debt; and Vissuet could not maintain a cause of action for negligent infliction of emotional distress because Bank did not owe Vissuet a duty of care, its actions in pursuing its rights under the trust deed were not extreme or outrageous, and Vissuet did not suffer extreme emotional distress. Bank submitted and sought judicial notice of an August 7, 2007 deed of trust; the February 5, 2010 notice of default; an assignment of the trust deed recorded on March 3, 2010; notices of trustee's sale recorded on May 12, 2010, and May 18, 2011; a trustee's deed upon sale recorded on August 26, 2011; a docket of Vissuet's Chapter 13 bankruptcy; and a summary of schedules filed with the bankruptcy court.

Vissuet purported to oppose the motion not by addressing Bank's arguments on the merits, but by lodging a proposed second amended complaint, the contents of which she claimed "satisfied" all of Bank's points. The second amended complaint purported to

4

allege ten additional causes of action (causes of action 11 through 20) for "setting aside trustee sale," cancellation of the trust deed, negligence, quasi-contract, violation of section 2605 of title 12 of the United States Code, violation of section 1692 et seq. of title 15 of the United States Code, violation of the Unfair Competition Law (UCL; Bus. & Prof. Code, § 17200 et seq.), accounting, and "extortion" in violation of section 1951(b)(2) of title 18 of the United States Code.

In reply, Bank argued Vissuet's failure to oppose its motion was a concession that the claims of the first amended complaint lacked merit. It asked the court to grant its motion without giving Vissuet leave to file the second amended complaint, arguing the pleading did not cure the deficiencies raised by Bank's motion. Bank argued Vissuet's proposed amendments did not add any new facts so as to cure the first ten causes of action, and they did not change the legal effect of the causes of action raised in the first amended complaint. It further argued Vissuet's proposed second amended complaint was procedurally defective because she had not obtained the court's permission to file it. Bank finally argued Vissuet's proposed amendments were futile, her request for leave to amend was dilatory, and it would suffer prejudice if the court granted the request.

Judicially noticing all of Bank's exhibits, the court granted judgment on the pleadings in Bank's favor, ruling Vissuet's failure to oppose the motion constituted a concession of the first amended complaint's defects. It continued the hearing on the

5

matter, however, to determine whether Vissuet should be granted leave to amend, and ordered her to file briefing on that question.[2]

About a month later, the court allowed Vissuet to substitute her proposed second amended complaint with a new second amended complaint. The verified substituted second amended complaint named both Bank and Property Sales II, LLC, as well as all persons claiming any legal or equitable right in the property, and set out causes of action for fraud-concealment (first cause of action), breach of the covenant of good faith and fair dealing (second cause of action), violation of the UCL (third and fourth causes of action), quiet title (fifth cause of action), and wrongful foreclosure (sixth cause of action). Vissuet submitted briefing as to why the complaint was sufficient to state those causes of action. Bank filed papers in reply.

The trial court denied Vissuet leave to amend her first amended complaint and granted judgment on the pleadings without leave to amend. The court thereafter entered

---

[2]    The court's ruling states:  "Concerning plaintiff's apparent request for leave to amend, she has offered no argument as to how the proposed amendments cure the deficiencies of the [first amended complaint].  So that the Court can meaningfully assess whether leave to amend should be granted, the hearing is continued to allow plaintiff to file an opposition that specifically addresses defendant's arguments and explains why the amended causes of action state viable claims.  Since plaintiff has not moved to amend her claim under Code of Civil Procedure section 473, however, she may not add new causes of action."  Though the court had stated Vissuet was not permitted to add new causes of action, it later explained that its ruling was unclear or inartful and suggested it would be more beneficial for Bank to assess the issues in the trial court as opposed for the first time on appeal.

6

a judgment of dismissal with prejudice in Bank's favor.  Vissuet filed this appeal.[3]

DISCUSSION

I. *Principles of Appellate Review*

Vissuet's appellate briefing compels us to begin by reviewing settled principles of appellate review.  On appeal, a judgment or an order is presumed to be correct, and Vissuet as the party challenging the judgment or the order must affirmatively show error. (E.g., *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  To meet this burden, Vissuet must provide cogent legal argument in support of her claims of error with citation to legal authority, as well as supporting references to the record.  (Cal. Rules of Court, rule 8.204(a)(1)(B), (C); *Sims v. Department of Corrections & Rehabilitation* (2013) 216 Cal.App.4th 1059, 1081; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003 & fn. 2; *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)  If she does not do so, we may treat her point as waived or abandoned.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994; *People v. Stanley* (1995) 10 Cal.4th 764, 793; *Sims*, at p. 1081; *Marriage of*

---

3    Vissuet's opening brief states she appeals from a judgment entered on January 14, 2013.  Her notice of appeal states she appeals from a judgment entered after an order granting a summary judgment motion.  However, Vissuet identified the judgment appealed from as being filed on December 26, 2012, which is the date the trial court entered its judgment of dismissal with prejudice.  Because it is reasonably clear what order Vissuet is appealing, and Bank has not raised any prejudice, we deem her notice of appeal as being from the December 26, 2012 judgment on the pleadings.  (See Cal. Rules of Court, rule 8.100(a)(2); *Walker v. Los Angeles County Metropolitan Transit Authority* (2005) 35 Cal.4th 15, 20.)

*Falcone*, at p. 830; *Berger*, at pp. 1119-1120; *Pringle*, at p. 1003.) "An appellate court is not required to consider alleged errors where the appellant merely complains of them without pertinent argument." (*Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873.) "One cannot simply say the court erred, and leave it up to the appellate court to figure out why." (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)

Furthermore, " '[i]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court.' Thus, 'we ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived.' " (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11, fns. omitted; see also *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 862 [an appellate court will not consider matters outside the record on appeal].) "Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider. [Citation.] In our adversarial system, each party has the obligation to raise any issue or infirmity that might subject the ensuing judgment to attack. [Citation.] Bait and switch on appeal not only subjects the parties to avoidable expense, but also wreaks havoc on a judicial system too burdened to retry cases on theories that could have been raised earlier." (*JRS Products, Inc. v. Matsushita Electric Corp. of America* (2004) 115 Cal.App.4th 168, 178.)

8

## II. *Vissuet's Claims of Bias by the Trial Court*

Vissuet begins the argument section of her opening brief by listing claimed instances of the trial court's bias in Bank's favor.  Raising these bias arguments for the first time on appeal, she argues the court demonstrated bias and abused its discretion when it denied her motion for a temporary restraining order to stop the foreclosure of the property, and that she established good cause for that relief by her verified complaint, which showed Bank's "dual tracking" in violation of the California Homeowner Bill of Rights.[4]  She maintains the court was biased when it denied her motion to consolidate the unlawful detainer action with the present action against Bank.  Vissuet further contends the court exhibited bias by failing to allow her to file an amended complaint.  Finally, Vissuet argues the court exhibited bias and erred by granting Bank's motion for judgment on the pleadings on her first amended complaint.

These contentions fail for several reasons.  A question of trial court bias must be determined from matters appearing in the reporter's transcript, as statements of counsel in briefs are not part of the record on appeal.  (*Gantner v. Gantner* (1952) 39 Cal.2d 272, 278.)  None of Vissuet's arguments are supported by any citation to the reporter's transcript, or the record at all, for that matter.  For this reason, she has forfeited the contentions of bias.

---

[4]　See *Lueras v. BAC Home Loans Servicing L.P.* (2013) 221 Cal.App.4th 49, 86, fn. 14 [setting out background of the California Homeowner Bill of Rights].  Dual tracking refers to a tactic by which a bank continues to pursue foreclosure at the same time the borrower in default seeks a loan modification.  (*Ibid*.; *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 904.)  Vissuet does not say where in her various pleadings she alleged Bank engaged in such a practice.

Additionally, Vissuet's arguments do not present facts establishing that bias arose from some source collateral to the proceeding. Instead, the arguments demonstrate that Vissuet is seeking indirectly to challenge the legal and evidentiary rulings of the court by characterizing her contentions as bias. A trial court's rulings against a litigant, even if continuously erroneous, do not establish bias or prejudice. (*Dietrich v. Litton Industries, Inc.* (1970) 12 Cal.App.3d 704, 719; accord, *People v. Fuiava* (2012) 53 Cal.4th 672, 732.)

Vissuet's challenges to the merits of the trial court's rulings are unavailing in any event, as we shall explain. With regard to the court's denial of Vissuet's request for a temporary restraining order, Vissuet cannot raise error in connection with that ruling. Such an order is separately appealable. (Code Civ. Proc., § 904.1, subd. (a)(6) [order granting or refusing to grant an injunction is directly appealable]; *Ragland v. U.S. Bank Nat. Assn.* (2012) 209 Cal.App.4th 182, 208.) Because Vissuet did not file a notice of appeal from the court's order denying her request for a temporary restraining order, she cannot challenge the merits of that order.

As for Vissuet's requests to consolidate the actions, such orders are reviewable from the final judgment and are not required to be expressly identified in her notice of appeal, contrary to Bank's assertion. (*State Farm Mut. Auto Ins. Co. v. Superior Court* (1956) 47 Cal.2d 428, 432.) We review the court's denial of consolidation for abuse of discretion; the decision will not be disturbed on appeal absent a clear showing of such abuse. (See Code Civ. Proc., § 1048; *Todd-Stenberg v. Dalkon Shield Claimants Trust* (1996) 48 Cal.App.4th 976, 978-979.) Vissuet has not made this showing. Her sole

10

argument is that the trial court had "ample authority" to consolidate the actions under *Asuncion v. Superior Court* (1980) 108 Cal.App.3d 141. She does not discuss *Asuncion*, provide any background concerning her consolidation requests, explain how the matters involved significant common questions of law or fact, discuss whether the risks of jury confusion or prejudice outweigh the reduction in time and expense resulting from consolidation, or set forth the trial court's reasoning for its orders, all of which are necessary for us to assess whether the court's rulings were within its discretion. This court will not search the record for error, or make Vissuet's arguments for her. (See *Inyo Citizens for Better Planning v. Board of Supervisors* (2009) 180 Cal.App.4th 1, 14.)

For the same reason, we reject Vissuet's claim that the trial court was biased in Bank's favor because it did not allow Vissuet to amend her complaint. She argues that amendments are liberally granted, but the court refused to allow it instead "requir[ing] her] to jump through hoops to ultimately accomplish such an amendment." Though we agree with the general proposition that amendments to complaints should be liberally granted (Vissuet inexplicably cites New Jersey authority—*Nottee v. Merchants Mut. Ins. Co.* (2006) 185 N.J. 490, 500-501—for it), Vissuet's assertions otherwise are without any pertinent legal argument or analysis. Even if we infer from her statement she was required "to jump through hoops" that the court required her to follow some unnecessary procedure, her assertion is unsupported by any citation to the record from which we may assess whether or not the court committed a clear abuse of its discretion. We will not search the record for error on this point.

11

Vissuet's challenge to the court's grant of judgment on the pleadings likewise fails. She maintains the court was "incorrect and presumptive" when it ruled Vissuet had conceded the deficiencies in her first amended complaint by not opposing Bank's motion for judgment on the pleadings, and instead filing an amended pleading. She argues her intention in filing the second amended complaint was to correct aspects of the preceding pleading to enlighten the court on the issues. Vissuet argues that rather than analyzing the first amended complaint, the court "summarily discarded" it, and immediately ruled in Bank's favor, showing it was "predisposed" to grant judgment on the pleadings "regardless of what complaint was before it." For the latter proposition, she cites (without a pinpoint page reference) *Khan v. Holder* (9th Cir. 2009) 584 F.3d 773, a case not about a judgment on the pleadings in a California state court, but involving the Ninth Circuit's review of an immigration judge's denial of an application for asylum and its interpretation of the Immigration and Nationality Act. (*Id*. at pp. 775, 777-778, 781.) In another section of her brief, Vissuet contends the court erred by denying her request for leave to file a proposed amended complaint "in such a manner wherein it would not be summarily dismissed"; in part she maintains the court "d[id] not care" for her argument concerning improper securitization and "prefer[red] to ignore it."

Vissuet's assertions of bias and error are without any reasoned legal argument or citation to the record, and for that reason alone, we may deem them forfeited. But in fact, the record contradicts her arguments. The trial court did not improvidently grant judgment on the pleadings when Vissuet elected not to oppose the motion on the merits, rather, it permitted Vissuet to substitute her second amended complaint and ordered her

12

to explain in writing how that pleading cured the deficiencies raised by Bank's motion. That order was consistent with settled procedures on such a motion. Faced with Bank's motion for judgment on the pleadings, if Vissuet sought to simply file an amended complaint, it was her burden to demonstrate that there was a reasonable possibility she could cure the defects raised in Bank's motion with the amendment. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [applying demurrer standards]; *Rice v. Center Point, Inc.* (2007) 154 Cal.App.4th 949, 959; *Foundation for Taxpayer and Consumer Rights v. Nextel* (2006) 143 Cal.App.4th 131, 135.) The trial court's use of this procedure does not show bias; to the contrary it reflects the court's efforts to give Vissuet every reasonable opportunity to justify her amended pleading.

III. *Vissuet Has Not Shown the Trial Court Abused its Discretion by Denying Leave to Amend and Granting Judgment on the Pleadings*

Asking us to review her second amended complaint de novo, Vissuet argues the trustee's sale was "improper, wrongful, illegal, invalid, and in violation of [her] legal rights" and the trust deed recorded in violation of the terms and conditions of the promissory note and deed of trust. She argues Bank engaged in invalid and fraudulent presale procedures, including by: (1) violating Civil Code section 2923.4; (2) dual tracking; (3) "lulling" her in some unspecified manner; and (4) failing to inform Property Sales II, LLC of pending litigation concerning title to the property before the trustee's sale. She asserts Property Sales II, LLC was not a bona fide purchaser.

" 'A motion for judgment on the pleadings . . . challenges the sufficiency of the plaintiff's cause of action and raises the legal issue . . . of whether the complaint states a

13

cause of action.' " (*Arce v. County of Los Angeles* (2012) 211 Cal.App.4th 1455, 1483, fn. 16.)  We apply the same review standard as for a general demurrer.  (*Reddell v. California Coastal Com'n* (2009) 180 Cal.App.4th 956, 971.)  Normally, we review de novo the grant of a motion for judgment on the pleadings to determine whether a cause of action has been stated, treating as true all properly pleaded material facts and matters judicially noticeable (*ibid.*; *Soco West, Inc. v. California Environmental Protection Agency* (2013) 213 Cal.App.4th 1511, 1514), but not speculative allegations (see *Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307, 318) or "contentions, deductions or conclusions of law."  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

We need not set forth Vissuet's allegations here.  In her appellate briefs, Vissuet does not cite to the allegations of her substituted second amended complaint (or any of the other iterations of her pleadings) supporting her contentions.  She does not attempt to explain how the allegations of her second amended complaint are sufficient to state viable causes of action against Bank for nondisclosure fraud, breach of the covenant of good faith and fair dealing, violation of the UCL, quiet title, or wrongful foreclosure.  She does not touch on any of the elements of these causes of action.  Absent such arguments, she has forfeited the challenge.  (*In re Sade C.*, *supra*, 13 Cal.4th at p. 994; *People v. Stanley*, *supra*, 10 Cal.4th at p. 793.)  To justify an amendment on appeal, Vissuet "must clearly and specifically state 'the legal basis for amendment, i.e., the elements of the cause of action,' as well as the 'factual allegations that sufficiently state all required elements of that cause of action.' " (*Maxton v. Western States Metals* (2012)

14

203 Cal.App.4th 81, 95.)  Though appellate review is de novo following the grant of a judgment on the pleadings, that does not mean our role is to review the adequacy of the second amended complaint's allegations and make Vissuet's arguments for her.

Bank asserts Vissuet's claims fail in any event.  It points out that none of the theories Vissuet raises on appeal were argued in the trial court.  More specifically it argues that to the extent Vissuet seeks to allege Bank violated the Homeowner Bill of Rights, that law is not retroactive.  Bank argues Vissuet does not allege any modification or loan foreclosure activity occurring after the date of its enactment: January 1, 2013.

The documents attached to Bank's motion, and of which the court below took judicial notice, show the foreclosure was initiated before January 1, 2013.  Under these circumstances, we agree that though Vissuet claims Bank engaged in dual tracking, she cannot state a cause of action asserting violation of any of the provisions of the Homeowner Bill of Rights.  (*Rockridge Trust v. Wells Fargo, N.A.* (N.D.Cal. 2013) ___ F.Supp. 2d ___ [2013 WL 5428722, \*28], citing *Sabherwal v. Bank of New York Mellon* (S.D.Cal. 2013) 2013 WL 4833940, \*10; *Landmark Screens, LLC v. Morgan Lewis Bockius, LLP* (2010) 183 Cal.App.4th 238, 251, fn. 6 [unpublished federal cases may properly be cited as persuasive, although not binding, authority].)  A statute operates prospectively unless the Legislature *expressly* declares it is to be applied retroactively. (*Myers v. Philip Morris Companies, Inc.* (2002) 28 Cal.4th 828, 840.)  There is no express declaration of retroactivity in the Homeowner Bill of Rights, which, as Bank correctly points out, became effective January 1, 2013.  (*Rockridge Trust*, at \*28; *Lueras v. BAC Home Loans Servicing L.P.*, *supra*, 221 Cal.App.4th at p. 86, fn. 14)

15

Bank further argues Vissuet lacks standing to assert a wrongful foreclosure claim based on an alleged violation of a pooling and servicing agreement (PSA), another theory raised by Vissuet for the first time on appeal. Vissuet's substituted second amended complaint's cause of action for wrongful foreclosure alleges that Bank violated Civil Code section 2934a and breached provisions of the trust deed "by the fact that Bank of New York was the Trustee of the Trust than [*sic*] contained the Note and Deed of Trust and that Bank of New York was the only entity with authority to enforce the Note and Deed of Trust." She alleges Bank "received revenue in excess of $540,000 due to the derivative and securitization processes employed with Plaintiff's Note and Deed of Trust" and those actions caused her general damages and warranted punitive damages. In her opening brief, Vissuet ignores these allegations and asserts anew (again, without supporting record citations) that "[t]he parties involved in the alleged securitization and transfer of Appellant's Note and Mortgage failed to adhere to the PSA, which requires that Appellant's Note and Mortgage be properly endorsed, transferred, accepted, and deposited with the Securitization Trust (or its custodian) on or before the 'closing date' indicated on the Prospectus." Vissuet asserts the closing date was August 13, 2007, and that these failures "result[ ] in the Note and Mortgage note not being part of the . . . [trust], such that it is not a loan that either [Bank of New York] or Bank of America, N.A. can attempt to collect on." (Some capitalization omitted.) Vissuet vaguely asserts the lack of a recorded assignment before the closing date of the trust "raises numerous red flags" and "demonstrates fatal securitization defects."

16

In *Arabia v. BAC Home Loans Serv., L.P.* (2012) 208 Cal.App.4th 462, we addressed on review of a summary judgment a beneficiary's claim that BAC Home Loans Servicing, L.P. (BAC) could not judicially foreclose because it was not in compliance with a PSA. We said: "[Plaintiff] fails to explain why BAC's breach of the PSA matters in the instant action. [He] obtained a mortgage loan secured by a deed of trust recorded against the property. If [he] failed to make his payments, he faced the possibility of foreclosure. This is what happened here. There is no dispute that [plaintiff] has failed to make his payments on the First Loan and is subject to foreclosure. Whether BAC has breached an agreement with [Bank of New York] does not alter these undisputed facts or the consequence arising out of [plaintiff's] failure to repay the First Loan. [¶] Moreover, if BAC had breached the PSA, then perhaps [Bank of New York] would have a claim against BAC. But it is an unsupported leap of logic that would allow [plaintiff] to use these breaches to challenge BAC's right to initiate a judicial foreclosure . . . ." (*Id.* at p. 473; accord, *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 514-515 [borrower, who is an unrelated third party to the alleged securitization, lacks standing to challenge improper transfer of a promissory note during the securitization process and other subsequent transfers of the beneficial interest under the promissory note].)

We do not need to decide whether these cases or the other authorities Bank cites preclude Vissuet's claim of wrongful foreclosure on the theory asserted in her opening brief. Vissuet has not tied her assertions to any allegation in her operative pleading or set out the elements of a wrongful foreclosure action. She has not demonstrated in any meaningful way that she can state a viable cause of action, and we have no reason to

17

conclude she has overcome the presumption of correctness of the trial court's decision to deny leave to amend and grant judgment on the pleadings.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McINTYRE, Acting P. J.

AARON, J.