[Civ. No. 18245. First Dist., Div. Two. Jan. 22, 1959.]

LAURANCE HENDERSON DONNALLY, Appellant, v. HERTHA THERESE BLANKENSTEIN, Respondent.

Philip Adams and Reginald G. Hearn for Appellant.

Lange & Rockwell for Respondent.

DOOLING, J.—Plaintiff, the father of the minor child Laura Helen-Christa Donnally, appeals from an order of the court amending a custody award to take the physical custody

of the child from appellant and award it to the defendant-respondent mother.

Appellant and his present wife were divorced in Nevada in October, 1953. After this divorce appellant went to London, England where appellant met the respondent, a German national. The child was conceived in London and when appellant's divorced wife learned of this she went to London and with the cooperation of appellant arranged to bring respondent to San Francisco where the child was born on December 23, 1954.

Respondent, who had only a temporary visitor's visa for this country, went to Canada shortly after the child's birth and has resided in British Columbia ever since. When respondent left the hospital after her child's birth the baby was taken home by appellant's divorced wife. In February 1955 appellant and his divorced wife were remarried and on February 24, 1955, appellant filed this action, naming respondent as defendant, in which he sought a decree of the court adjudging the child to be the legitimate child of appellant and respondent under the provisions of section 230 Civil Code and for such order for the custody of said child as might appear to the court to be in the child's best interest. Respondent filed an answer and cross-complaint in which she joined with appellant in asking the court to legitimate the child, but praying that her custody be awarded to respondent.

On March 25, 1955, an order was made and entered by the court which recites that the matter came on regularly for hearing, testimony both oral and documentary was received and the court finds that all of the allegations of plaintiff's complaint are established. This order concludes:

"It Is Hereby Ordered, Adjudged And Decreed:

"1. That LAURA HELEN-CHRISTA DONNALLY is the legitimate child of LAURANCE HENDERSON DONNALLY and HERTHA THERESE BLANKENSTEIN."

At the same time the court made an order reserving the decision as to the permanent custody of the child and committing her to the custody of appellant's wife until further order of the court.

After further hearing on the matter of permanent custody and the receipt of various reports by court investigators appointed pursuant to stipulation of the parties an order was made and entered on November 20, 1956, awarding the custody jointly to appellant and respondent "and until further order

of this Court, the physical care and custody of said infant"
was awarded to appellant. In connection with this order the
court made findings of fact which, after reciting that respond-
ent was living alone in Vancouver and working and had no
home to which she could take the child while appellant had
remarried and had a home, found further that: "In the pres-
ent period the child ought to be permitted to remain in the
home where it is. When the child becomes three or four years
old, perhaps the mother's position will have changed and she
can then apply for a modification at that time. . . . I was not
greatly impressed by the father's attitude on some things. . . .
If it was between two people, neither of whom had a home, of
course, the mother would prevail . . . the Court does not find
that the mother is unfit, but the Court finds for the present
it is the best interest of the child (to remain with the
father)."

On December 16, 1957, respondent secured from the court
an order to show cause why the previous custody order should
not be modified to give respondent physical custody and con-
trol of her child. After a hearing the order herein appealed
from was made. It continues joint legal custody in the two
parents but gives respondent the physical custody subject
to reasonable visitation rights in appellant and provides that
respondent "may take the minor . . . to the mother's residence
in British Columbia, Canada, for the purpose of having said
minor permanently reside with her said mother." It further
orders that "except upon further order of this Court or
for the purposes of temporary visitation on the part of the
father with said minor here in California, the parties . . . are
restrained from removing said minor from the territorial
limits of the province of British Columbia."

In support of her application respondent showed that while
supporting herself by working she had attended the University
of British Columbia and secured a teacher's certificate; that
she had obtained employment as a teacher of mathematics,
physics and physical education in Prince Rupert, British
Columbia at a salary of $320 per month; that she was living
in the home of a Mr. and Mrs. Greissel who had two sons
10 and 14 and that Mrs. Greissel was willing to care for the
child during her teaching hours. There was a report from the
British Columbia Department of Health and Welfare that
respondent is treated by the Greissels as one of the family;
that the Greissels are a relaxed and friendly couple with
experience in foster care of children and their home is ade-

quate in every way. It further appeared that the Inspector of Schools knows that respondent is not married and is seeking the custody of her child. He has found her steady and dependable and her service as a teacher is very satisfactory. She has participated actively in community affairs, sings in the church choir, plays violin in the local symphony orchestra and is active in sports. The British Columbia agency commented on her maturity, intelligence and ability to plan for herself and the child.

At the time of the trial appellant was 56 years old and his wife 50, while respondent was 34.

■ The effect of the legitimation of the child under section 230, Civil Code, is to give both parents the same rights in relation to the child as if the child has been born in wedlock. (*In re Navarro,* 77 Cal.App.2d 500 [175 P.2d 896]; *Strong* v. *Owens,* 91 Cal.App.2d 336 [205 P.2d 48].) Appellant asks us to reconsider the holding of these cases. We are satisfied that they correctly state the law (despite a strong dissenting opinion in *Navarro* the Supreme Court denied a hearing, 77 Cal.App.2d p. 520).

Appellant attacks the present order as an abuse of discretion. ■ As between parents with equal legal right to custody the paramount consideration is the best interests of the child. (*Holsinger* v. *Holsinger,* 44 Cal.2d 132, 135 [279 P.2d 961]; *Clarke* v. *Clarke,* 35 Cal.2d 259, 262 [217 P.2d 401].) ■ Appellant argues that respondent has failed to show a change in circumstances since the previous custody order was made. In this we are satisfied that appellant takes too narrow a view of the changed-circumstances rule. The court at the previous hearing found that if all things had been equal as to the ability of the parents to furnish the child a home the child should have been awarded to the mother and suggested the present application for modification when the mother's position in this respect was changed. The mother satisfied the court on this hearing that her circumstances were so changed that she can now give her child an adequate home. We cannot hold that the very change in circumstances which the court contemplated in making its first order might justify its future modification does not satisfy this court-made rule. To do so would tie the court's hands where it felt that the best interests of the child would otherwise be served by awarding it to one parent but, as in this case, it awarded it to the other solely because the one to whom the award was made

had a proper home which the other by fortuity at that time could not furnish for the child.

█ The fact that the child had lived for the three years of her life with appellant and his wife and knew no other home is a factor which the court should weigh (*Fine* v. *Denny*, 111 Cal.App.2d 402 [244 P.2d 983]; *Norton* v. *Norton*, 112 Cal. App.2d 358 [245 P.2d 1108]; *Frazier* v. *Frazier*, 115 Cal.App. 2d 551 [252 P.2d 693]), as is the fact that under the present order the child, an American citizen by birth, will be taken to a foreign country to live (see *Gantner* v. *Gantner*, 39 Cal. 2d 272, 280 [246 P.2d 923]) and the further fact that respondent is an unmarried woman. The court however in these cases has a broad discretion in determining what is for the best interests of the child and its determination will not be disturbed unless the record shows a clear abuse of that discretion. (*Holsinger* v. *Holsinger, supra*, 44 Cal.2d p. 135.)

█ The respective ages of the parents (when the child reaches majority appellant will be 73), the preference of the law that children of tender years should be awarded to the mother (Civ. Code, § 138, subd. (2)), the energy, initiative and adaptability shown by the mother in establishing herself in a responsible position in a new community in such a relatively short time as compared to the father's lack of those qualities (although he holds a Ph.D. degree, on July 30, 1956 an investigator reported that appellant's earnings were approximately $100 per month), and the previous determination of the court that if all things had been equal custody should have been given to the mother were all factors which support the present order of the court. The fact that the child will live abroad is not controlling. (*Gantner* v. *Gantner, supra*, 39 Cal.2d p. 280.) It is suggested that respondent might take the child back to Germany. She testified that she intended to live permanently in Canada and her present hard-earned position of security in British Columbia makes it appear highly unlikely that she would leave that security for the uncertainties of her former country. It was the function of the trial court to weigh the various factors and determine what would be for the best interests of the child. We can find no abuse of discretion in its determination of that question.

Order affirmed.

Kaufman, P. J., and Draper, J., concurred.