MATTER OF CHO

In Visa Petition Proceedings

A–31184541

*Decided by Board April 19, 1977*

(1) Beneficiary was born in Korea on June 21, 1960, and had lived there in the home of his adoptive parents (petitioners) from 1968 to 1972. In 1972 the adoptive parents emigrated to the United States. In 1973, beneficiary was adopted by proxy when his name was entered in the Korean Family Registry as the adopted child of the petitioner and his wife.

(2) Even though the adoption was not formalized until after the adoptive parents had emigrated to the United States, the adoption was valid under Korean law because the registration provisions of section 878(1) of the Korean Civil Code had been complied with, and because the documents had been examined by the Family Registrar and found to comply with the provisions of section 881 of the Korean Civil Code.

(3) Mere fact that a preference classification is an incidental benefit of the adoption does not raise a presumption the adoption is invalid or entered into to evade the immigration laws.

(4) This adoption meets the requirements of section 101(b)(1)(E) of the Immigration and Nationality Act because the beneficiary had been validly adopted in Korea before the age of 14 years, and because he had resided with the adoptive parents for a period of two years preceding the adoption which satisfies the statutory requirement. See *Matter of M—*, 8 I. & N. Dec. 118 (BIA 1958; A.G. 1959). The visa petition will be granted.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

The lawful permanent resident petitioner applied for preference status for the beneficiary as his adopted child under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated August 25, 1976, the District Director denied the petition on the ground that the adoption, although perhaps technically valid under section 101(b) of the Act, was nonetheless insufficient to support the accord of immigration benefits, since it "seemed" to have been entered into for the purpose of evading the immigration laws. The petitioner appeals. The appeal will be sustained.

The beneficiary, a native and citizen of Korea, was born on June 21, 1960. In 1968, at the age of eight years, she was taken into the home of the petitioner and his wife. She lived with the petitioner and his wife as

a member of the family unit until 1972, when the petitioner and his wife immigrated to the United States, leaving the beneficiary and two natural children in the care of relatives. In 1973, the beneficiary was registered in the Korean Family Registry as the adopted child of the petitioner and his wife. Our first inquiry on appeal must be whether such a "proxy" adoption is valid under Korean law.

We have made reference to a memorandum of law from the Far Eastern Law Division of the Library of Congress.[1] This memorandum states that a "proxy" adoption, while not specifically described in the Korean Civil Code of 1960, is clearly permissible under Korean law if the specified notification and registration requirements are complied with. Under section 878(1) of the Code, an adoption is not deemed valid until it has been registered in the Korean Family Register. In the case of the adoption of a minor under the age of 15 years, the adoption must be registered by the natural parents or guardian of the adopted child. Section 881 of the Code states that a notification of adoption may be accepted for registration in the Korean Family Register only after it has been examined by the Family Registrar for compliance with all relevant Korean law.

The petitioner has submitted a notification of adoption and a copy, authenticated by the Family Registrar, of the Korean Family Register. These two documents indicate that the beneficiary has been adopted by the petitioner, that notification of the adoption was given by the natural parent, and that this notification has been accepted by the Family Registrar for registration in accordance with section 881 of the Code. We find, therefore, that a valid adoptive relationship exists under Korean law.

However, the Immigration and Nationality Act imposes additional requirements which must be satisfied before an adoption, valid under the laws of a foreign country, can support the grant of immigration benefits. Under section 101(b), a "child" is defined, in relevant part, as "an unmarried person under twenty-one years of age, who is—(E) a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years . . . ."

Since the adoption concededly took place in 1973, the beneficiary has been in the legal custody of her parents for at least two years subsequent to the adoption. In *Matter of M—*, 8 I. & N. Dec. 118 (BIA 1958; A.G. 1959), the Attorney General held that the two-year cohabitation requirement of section 101(b) is satisfied by a two-year period preceding the adoption. Since the beneficiary lived with her parents for four years

---

[1] Memorandum from Dr. Sung Yoon Cho, Far Eastern Law Division, Law Library, Library of Congress, received October 23, 1968.

prior to their immigration to the United States, the two-year cohabitation requirement is thus satisfied. Similarly, the beneficiary was 13 years of age at the time of the adoption.

Despite the satisfaction of all the requirements of a valid adoption under section 201(b), the District Director denied the petition. In so doing, he relied upon the fact that the legal adoption took place after the parents were in the United States. This "seem[ed] to indicate" to the District Director "that the adoption was solely entered in the family register to enable the beneficiary to emigrate." On appeal, the petitioner argues that the delay in the formal adoption was due to the Korean legal requirement that the natural mother consent in writing to the adoption. Despite repeated efforts, he argues, the natural mother was not located until 1973. In a brief filed on appeal, the District Director states that this new evidence would "in no way alter" his original decision, which apparently was based solely on the fact that the beneficiary was adopted "after the petitioner's entry."

We disagree that an adoption valid in every respect under section 101(b) may be disregarded by the District Director solely because it was legally formalized after the petitioner's immigration to the United States. The mere fact that a preference classification was an incidental benefit to the adoption does not per se invalidate the adoption or raise a presumption that the adoption is a sham, and entered into for the purpose of evading the immigration laws of this country. In designing section 101(b)(1)(E), Congress inserted specific safeguards against *ad hoc* adoptions for the purpose of evading the immigration laws. The age limitation of 14 years and the two-year legal custody and cohabitation requirements were inserted for this very purpose. See *Matter of—*, *supra*. It is not for the District Director to impose stricter standards than Congress. The District Director erred in denying the visa petition on the sole ground that the adoption, admittedly valid in every respect under section 101(b), was completed after the parents had entered the United States. The petitioner's appeal will thus be sustained.

ORDER: The appeal is sustained, and the visa petition is granted.