MATTER OF RIVERS

In Visa Petition Proceedings ·

A–22625028

*Decided by Board June 30, 1980*

(1) Unless local law otherwise dictates (i.e. through statutory or case law giving greater rights to one parent than to the other), a father's natural right to the custody of a child he has lawfully legitimated is equal to the natural right of the mother to the child's custody. To the extent that *Matter of Harris*, 15 I&N Dec. 39 (BIA 1970) and *Matter of Dela Rosa*, 14 I&N Dec. 728 (BIA 1974) indicated that only the mother had a natural right to the custody of a legitimated child, these cases are modified.

(2) The natural father of a child will be presumed to have had legal custody of that child at the time of legitimation, in the absence of affirmative evidence indicating otherwise.

(3) Unless there is evidence to show that the father of a legitimated child has been deprived of his natural right to custody, he will be presumed to have an equal right to custody with the child's mother, and to satisfy the legal custody requirement of section 101(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(C).

(4) Visa petition filed by a lawful permanent resident for a child born out of wedlock but legitimated under the law of the Virgin Islands, where the petitioner resides, held improperly denied by District Director on ground child was not in the legal custody of the father at the time of legitimation, since the father is presumed to share legal custody with the mother upon legitimation.

ON BEHALF OF PETITIONER:
Wojciech P. Makowski, Esquire
Legal Services of the Virgin Islands
17 Estate Orange Grove
Christiansted, St. Croix
U.S. Virgin Islands   00820

ON BEHALF OF SERVICE:
Janice Podolny
Acting Appellate Trial
Attorney

BY:  Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This is an appeal from a decision of the District Director, dated May 14, 1979, denying a visa petition filed on behalf of the beneficiary as the petitioner's unmarried daughter under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). Oral argument was heard before this Board on October 4, 1979. The appeal will be sustained.

The petitioner is a 31-year-old native of St. Kitts, and is a lawful

permanent resident of the United States. The beneficiary is an 11-year-old native and citizen of St. Kitts, and was born out of wedlock to the petitioner and a woman he never married. The instant visa petition was filed on February 2, 1979. It was denied on the basis of the District Director's finding that the beneficiary could not qualify as the petitioner's legitimated child under section 101(b)(1)(C) of the Act, 8 U.S.C. 1101(b)(1)(C).

The beneficiary of a visa petition can qualify as a petitioner's "unmarried daughter" for preference purposes only if the beneficiary qualifies (or could once have qualified) as a "child" of the petitioner under section 101(b)(1) of the Act. Section 101(b)(1) includes within the definition of "child":

> a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation. (section 101(b)(1)(C)).

In the present case, the District Director did not dispute, and at oral argument the Immigration and Naturalization Service conceded, that the beneficiary had been legitimated under the law of the Virgin Islands, where the petitioner resides. Transcript at 13. However, the District Director determined that the beneficiary could not qualify as the petitioner's child under 101(b)(1)(C) because the legal custody requirement of that section had not been satisfied. He relied for that finding on this Board's prior decisions in *Matter of Harris*, 15 I&N Dec. 39 (BIA 1970) and *Matter of Dela Rosa*, 14 I&N Dec. 728 (BIA 1974).

In *Dela Rosa* and *Harris*, we strictly interpreted the legal custody requirement of section 101(b)(1)(C), holding that legal custody would vest only "by virtue of either a natural right or a court decree." We further stated in those cases the general rule that the mother of an illegitimate child has the primary right to the custody of that child. Based upon this we found that the fathers in the two cases had not met the legal custody requirement. Strong dissents by two Board members were registered in both of these cases. After careful consideration, we have determined that the legal custody rule set forth in *Dela Rosa* and *Harris* requires modification.

While it is true that the mother of an illegitimate child is presumed to have custody of that child, the same is not true where the child has been legitimated. Cases construing the prior California law regarding legitimation (Section 230 of the California Civil Code) hold that once the natural father has legitimated his child, the child's

> status becomes that of the legitimate child of both of its natural parents, and the ... rights of the child and of the parents thenceforth are the same as they would be had the child been born of the marriage of its natural parents ... neither of such

parents has a superior right to [the child's] custody...

*In Re Navarro,* 77 Cal. App.2d 500, 505, 175 P.2d 896, 899 (Dist. Ct. Ap. Cal. 1946). *See also In Re Richard,* 122 Cal. Rptr. 531, 537 P.2d 363 (1975); *Donnally* v. *Blackenstein,* 167 Cal. App.2d 282, 334 P.2d 260 (Dist. Ct. Ap. Cal. 1959).[1] The petitioner's attorney at oral argument contended that it is also true in the Virgin Islands that each parent of a legitimated child had equal rights in and obligations to the child. In support of this contention, counsel has submitted on appeal the unpublished decision of a Virgin Islands judge in a child custody case. The judge makes clear in his decision that "as between the mother and father" of a child born out of wedlock, each has an equal right to custody.[2] We agree with the reasoning expressed in the cited cases, and we therefore hold that where a child born out of wedlock has been properly legitimated, neither parent will be presumed to have a greater right than the other to the legal custody of that child.

As previously stated, *Dela Rosa, supra,* and *Harris, supra,* require either a court order or some "natural right" of custody to exist before a finding can be made that a father has "legal custody" for purposes of section 101(b)(1)(C). We have determined that our prior view of "natural right" was too restrictive in that it recognized only a mother's natural right in a child. We now hold that unless the local law otherwise dictates (i.e. through statutory or case law giving greater rights to one parent than to the other), the father's "natural right" to the custody of a child he has legitimated is equal to the "natural right" of the mother to the child's custody. To the extent that *Dela Rosa, supra,* and *Harris, supra,* indicated otherwise, they are hereby modified. By legitimating his child, the father has evinced his concern for and interest in his natural offspring. At that point, we can see no reason why the mother should have a greater right to the child than the father. The paramount consideration should then be, as always, the best interest of the child. *See Donnally, supra.* It is not for us, or for the

---

[1] The citation of cases construing section 230 of the California Civil Code is appropriate in this case, as section 230 is identical to Title 16, section 462 of the Virgin Islands Code. Both statutes provide:

The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth.

We note that in 1975 section 230 was replaced by the Uniform Parentage Act in California.

[2] Counsel could cite no published cases on this point, and we have searched the Virgin Islands law, and have found nothing published on the issue. For cases from other jurisdictions following the California legal custody rule, *see e.g. In re Sutton,* 132 W.Va. 875, 53 S.E. 839 (1949); *Allison v. Bryan,* 21 Okla. 557, 97 P. 282 (1908). *See also* 10 Am. Jur. 2d *Bastards* § 66; 10 C.J.S. *Bastards,* § 14, 17c.

Immigration and Naturalization Service, to say what that is. The determination of whether, for example, such a child would be better off in the United States or in his native country, is to be made by the child's natural parents, or if necessary by a probate court, not by immigration officials.

We do not by our decision in this case write the legal custody requirement out of the statute. What we do is change the presumption: rather than require affirmative evidence that the mother of a legitimated child has been deprived of custody, we will presume that the father has not been divested of his natural right to equal custody in the absence of affirmative evidence indicating otherwise. We believe that this interpretation of the legal custody requirement will give better effect to Congress' humane and remedial intent in including a legitimated child within the definition of child. *See generally Matter of K—W—S—*, 9 I&N Dec. 396, 409 (BIA 1958, 1961; A.G. 1961).

The primary purpose behind the legitimation requirements of section 101(b)(1)(C) is to prevent the circumvention of the immigration laws. We do not see how today's ruling will in any way promote or encourage fraud. The requirement that the child be legitimated under the applicable law remains in full force. By taking the steps necessary to legitimate his child, prior to a time when any immigration benefit was sought, the beneficiary's natural father has shown the existence of a genuine parental relationship to his daughter. This is not a situation where there has been an *ad hoc* legitimation of a child solely to secure immigration benefits. Moreover, where there has been *ad hoc* legitimation in order to circumvent the immigration laws, a visa petition could still be properly denied. This situation would generally occur when the rights of other parties, such as adoptive parents, stepparents, or a natural mother who has been awarded custody, have intervened. Such is not the situation here, or in the majority of cases.

Under our prior interpretation of legal custody, it was difficult for a father who had gone to the trouble of legitimating his child, and who undoubtedly was the child's natural father, to qualify as the child's father under the immigration laws. Previously, if a father, as in this case, legitimated his child at an early age, but long before seeking immigration benefits through or on behalf of that child, he would be likely to find himself unable to satisfy the legal custody requirement when he later sought an immigration benefit. In a rare case, the mother may have abandoned the child, or otherwise relinquished all custody. (*See e.g. Matter of Buenaventura*, 16 I&N Dec. 456 (BIA 1977)). In the usual case, however, this would not have occurred, and the father would find that it was simply too late to satisfy the requirements of 101(b)(1)(C), as he had long ago legitimated the child but had not at that time had legal custody under *Dela Rosa, supra,* and *Harris,*

*supra,* perhaps only because he did not then know of that requirement, and of our strict interpretation of it. We believe that Congress, whose overriding purpose has been to encourage family unity, would prefer a rule that does not make legitimation under the immigration laws so burdensome.

Under *Dela Rosa, supra,* and *Harris, supra,* legal custody for purposes of section 101(b)(1)(C) required, in effect, actual physical custody of a child, and custody to the exclusion of everyone else, including the child's mother. Yet we have not had such a restrictive definition of legal custody under section 101(b)(1)(E), which defines adopted children. The cases have been clear that a parent may have legal custody of an adopted child while not residing with that child, and where in fact the parent and child may be thousands of miles apart. See *Matter of Cho,* 16 I&N Dec. 188 (BIA 1977); *Matter of M—,* 8 I&N Dec. 118 (BIA 1958; A.G. 1959). Moreover, in light of our holding that the natural parents of a child who has been legitimated have equal rights to the custody of that child, the exclusive custody aspect of our prior holdings is inappropriate.

In sum, today's decision recognizes the natural rights of a legitimated child's father. We are not saying that the father's rights are now paramount, only that his rights together with the equal rights of the mother are paramount to the rights of any other party. Under our decision today, a father of an illegitimate child will no longer have to know in advance of section 101(b)(1)(C)'s legal custody requirement in order to satisfy that requirement. Unless there is evidence to show that the father of a legitimated child has been deprived of his natural right to custody, he will be presumed to share custody with the mother, and to satisfy the legal custody requirement of section 101(b)(1)(C).

In the present case, the petitioner has indisputably legitimated the beneficiary under the applicable law, and there is nothing whatsoever to indicate that his natural right to custody has vested in someone else. He therefore qualifies as the father of the beneficiary for immigration purposes. His appeal will accordingly be sustained, and the visa petition will be approved.

**ORDER:** The appeal is sustained, and the visa petition is approved.