MATTER OF MESIAS

In Visa Petition Proceedings

A-24704734

*Decided by Board August 26, 1982*

(1) Under the Civil Code of Haiti, as amended by the 1959 Presidential Decree, children born out of wedlock prior to January 27, 1959, but acknowledged by their natural father after that date have the same rights and obligations as legitimate children.

(2) Where the beneficiary, a native and citizen of Haiti, was born out of wedlock in 1956, and acknowledged by the natural father in 1970, prior to his eighteenth birthday, he is deemed a legitimated child for immigration purposes under section 101(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(C).

ON BEHALF OF PETITIONER:   Laurel D. White, Esquire
                           1428 Brickell Avenue, Suite 500
                           Miami, Florida 33131

BY:  Milhollan, Chairman, Maniatis, Dunne, Morris, and Vacca, Board Members

The United States citizen petitioner applied for preference status for the beneficiary as his unmarried son under section 203(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(1). In a decision dated August 4, 1982, the Associate Commissioner for Examinations granted the visa petition. The case has been certified for our review pursuant to 8 C.F.R. 3.1(c). The decision of the Associate Commissioner for Examinations is affirmed.

The beneficiary was born out of wedlock in Haiti on May 1, 1956. The petitioner is a 59-year-old native of Haiti who was naturalized as a United States citizen on April 2, 1974. The petitioner filed a visa petition on behalf of the beneficiary on October 16, 1981.

In support of the visa petition, the petitioner submitted a document issued by a Civil State Officer in Haiti, which states that the petitioner acknowledged on October 15, 1962, that the beneficiary was his natural son. We note that the American Embassy in Haiti on July 12, 1982, verified the authenticity of the official act of recognition, but noted that it had been recorded on October 15, 1970. In any event, the beneficiary was under the age of eighteen at the time of his acknowledgment. The record reflects further that the petitioner never married the beneficiary's natural mother

298

The Associate Commissioner for Examinations granted the petition upon a finding that the beneficiary, who was illegitimate at birth in 1956, was subsequently legitimated in 1970, the date of his acknowledgment, while he was under the age of eighteen. The Associate Commissioner for Examinations based his decision in large part upon a legal opinion provided by the Hispanic Law Division of the Library of Congress. He noted that the question in issue was not resolved in *Matter of Richard,* 18 I&N Dec. 208 (BIA 1982), and, therefore, certified his decision to the Board for review.

In visa petition proceedings, the burden is on the petitioner to establish eligibility for the benefits sought. *Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). To obtain preference status for the beneficiary as his "son" under section 203(a)(1) of the Act, the petitioner must establish that the beneficiary once qualified as his "child" as that term is defined by section 101(b)(1) of the Act, 8 U.S.C. 1101(b)(1). *Matter of Coker,* 14 I&N Dec. 52 (BIA 1974).

> The term "child" means an unmarried person under twenty-one years of age who is—
> (A) a legitimate child; or
>
> . . .
>
> (C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

At the time of the beneficiary's birth the Civil Code of Haiti classified children into three groups: legitimate, natural, and illegitimate. The beneficiary was a natural child and not a legitimate child, and, accordingly, he did not qualify under section 101(b)(1)(A) at the time of his birth.

However on January 27, 1959, the Civil Code of Haiti was amended by a Presidential Decree to provide that natural filiation creates the same rights and obligations as those created by legitimate filiation. The Decree further provided that proof of natural filiation cannot be other than that arising out of a voluntary act of acknowledgment or out of judicial acknowledgment in those cases authorized by the law. *See Matter of Richard, supra.*

In this case, the beneficiary was born out of wedlock in Haiti in 1956, and acknowledged by his natural father in 1970, prior to his eighteenth birthday. The Associate Commissioner for Examinations requested a legal opinion from the Hispanic Law Division of the Library of Congress regarding the legitimacy of the beneficiary under the law of Haiti in effect at the time of his birth. In a Library of Congress report dated April 20, 1982, (see Appendix), it is stated that the execution of the act of legal acknowledgment of the beneficiary by his father after January

27, 1959, confers the same rights and obligations on the beneficiary as those created by legitimate filiation. This report further states that the Presidential Decree of January 27, 1959, "provides for the future and does not have retroactive effects:" When the acknowledged act does take effect after January 27, 1959, the acknowledgment does benefit the beneficiary. Consequently, based on the Library of Congress report, which is concurred in by the Service, we find that under the law of Haiti, a child born out of wedlock prior to January 27, 1959, but who was subsequently acknowledged by his father after that date and prior to his eighteenth birthday is deemed the legitimated offspring of his natural father.

The natural father of a child will be presumed to have had legal custody of that child at the time of legitimation, in the absence of affirmative evidence indicating otherwise. *Matter of Rivers*, 17 I&N Dec. 419 (BIA 1980).

Based on the above, we find that the beneficiary has been legitimated according to the law of his residence, Haiti, and therefore qualifies as the unmarried son of the petitioner within the meaning of section 203(a)(1) of the Act. The decision of the Associate Commissioner for Examinations will accordingly be affirmed, and the visa petition will be approved.

ORDER: The decision of the Associate Commissioner for Examinations is affirmed.

## APPENDIX
### HAITI

#### Acknowledgment and Legitimation

A child was born out of wedlock in Haiti on May 1, 1956. The father legally acknowledged paternity of the child through an act of recognition executed before an official of the Civil Registry on October 16, 1962. The parents of the child never married each other. Considering these facts, the requester wants to determine the civil status of the child under the laws of Haiti.

#### A. Classification of Children

The basic law on the classification of children in Haiti is found among the provisions of the Civil Code of that country, promulgated on March 25, 1825. The Code classifies children into three groups: legitimate, natural, and illegitimate. Children of married parents are legitimate children, those born of unmarried parents are natural children, and those whose conception and birth occurred under adulterous or incestuous circumstances are illegitimate children.

300

## B. Legitimation Under the Civil Code

Under the provisions of Article 302 of the Civil Code, natural children, (i.e., children born to parents who were able to contract marriage between themselves at the time of conception) could be legitimated only by the marriage of their natural parents and their own acknowledgement. Children legitimized by the subsequent marriage of thier parents have the same rights as if they were born in marriage, that is, identical to those legitimate children have.

## C. Acknowledgment

The law on acknowledgment, a requirement for legitimation according to the Code, basically provides that acknowledgment of a natural child must be made through a special instrument executed before an official of the Civil Registry if the child was not acknowledged in the birth registration act.

However, acknowledgment cannot benefit a child born out of an incestuous or adulterous union.

Acknowledgment made during marriage by one spouse for the benefit of the other spouse's natural child born prior to their marriage (with the exception of the acknowledgment of their natural child) cannot prejudice any of their other children born out of marriage or any children born in their marriage. This acknowledgment produces legal effects after the dissolution of the marriage if no children were born out of it.

Acknowledged natural children cannot claim the same rights as legitimated children. The rights of natural children are regulated pursuant to the provision of Law No. 16 on succession, which was incorporated into the Civil Code. The pertinent provisions [are] Articles 606, 608, 609, 611, 624 and 742 . . . .

## D. Decree-Law No. 466 of 1944.

The Republic of Haiti enacted Decree-Law No. 466 on December 23, 1944, in the interest of granting natural children better legal protection. The basic amendments introduced in the Civil Code concerning acknowledged natural children [are] in Articles 302, 305, 308, 608 and 742 . . . .

By virtue of these amendments to the provisions of the Code, acknowledged natural children were granted the same rights as legitimate children with the exception of those rights provided for under Articles 308 on acknowledgment and 606 on the inheritance rights of legitimate ascendants of the natural mother or father. In addition, the limitations provided for under Articles 624 and 625 on the inheritance rights of collaterals remained in effect. Finally, it is evident that Decree-Law No. 466 or 1944 excluded children born of incestuous or adulterous unions from its benefits, apparently allowing them only the right of support.

301

### E. The Decree of 1959

Considering the fact that "discrimination toward children by reason of birth constitutes a negation of Haitian reality," the Decree of January 27, 1959, was issued. This Decree introduced a major change to the concept of and legitimation under Haitian law in its Article 1, which states that natural filiation created the same rights and obligations created by legitimate filiation, provided that an acknowledgment of a child has been voluntarily executed or declared by virtue of a court judgment. Again, children born out of incest or adultery were excluded from its provisions . . . .

### F. Enforceability and Retroactivity of the Law

The enforcement of legislation is regulated according to Article 1 of the Civil Code which directs all laws to become mandatory in the territory of the Republic after their promulgation by the President, which is considered effective one month from the date of promulgation at the latest. Furthermore, under the provisions of Article 20 of the Constitution of 1964, currently in force, Article 20 of the Constitution of 1957, Article 13 of the Constitution of 1950, Article 15 of the Constitution of 1946, and Article 2 of the Civil Code, the law provides for the future and does not have retroactive effects.

## CONCLUSION

In the present case, it should be noted that the execution of the act of legal acknowledgment of the natural child by his or her father took place on October 15, 1962, when the provisions of Article 1 of the Decree of January 27, 1959, were already in force. Consequently, the child benefits from these provisions and he or she has the same rights and obligations as those created by legitimate filiation.

[Footnotes and appendixes deleted.]