## MATTER OF CHERISMO

In Visa Petition Proceedings

A-26167013
A-26167014

*Decided by Board February 9, 1984*

(1) Under the Civil Code of Haiti, as amended by the Presidential Decree of January 27, 1959, children born out of wedlock and acknowledged by their natural father prior to January 27, 1959, have the same rights and obligations as legitimate children. *Matter of Mesias,* 18 I&N Dec. 298 (BIA 1982), clarified.

(2) Where the beneficiaries, natives and citizens of Haiti, were born out of wedlock in 1954 and 1955, respectively, and acknowledged by their natural father in 1955, they are deemed legitimated children for immigration purposes under section 101(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(1)(C) (1982).

ON BEHALF OF PETITIONER:
Robert E. Slatus, Esquire
Suite 1101, 50 East 42nd Street
New York, New York 10017

ON BEHALF OF SERVICE:
Richard Soli, Acting
Appellate, Trial Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The petitioner appeals from the March 24, 1983, decision of the district director revoking the prior approvals of the visa petitions for the beneficiaries as his unmarried sons under the provisions of section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2) (1982). The appeal will be sustained.

The petitioner is a 63-year-old native and citizen of Haiti who was admitted into the United States as a lawful permanent resident alien on April 2, 1977. The beneficiaries are natives and citizens of Haiti, ages 29 and 28. The evidence filed in support of the petitions consisted of the birth certificates of the beneficiaries which indicate that they were born out of wedlock to the petitioner and Marie Therese Beauzil on April 10, 1954, and October 12, 1955, respectively. This evidence also indicates the petitioner's acknowledgment of paternity of the beneficiaries before the Civil Registrar in Haiti on November 2, 1955.

In visa petition proceedings, the burden of establishing the claimed relationship is upon the petitioner. *See Matter of Brantigan,* 11 I&N Dec. 493 (BIA 1966). The applicable statute is section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (1982), and its pertinent subsection (C), which provides:

The term "child" means an unmarried person under twenty-one years of age who is—

. . . .

(C) a child legitimated *under the law of the child's residence or domicile, or under the law of the father's residence or domicile,* whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation. (Emphasis added.)

The district director found that under Haitian law, an act of acknowledgment must occur after the enactment of the Presidential Decree of 1959 in order to effectuate legitimation of a person born prior to the effective date of the decree and so revoked the petitions. On appeal, the petitioner asserts that the revocation is contrary to the decision of this Board in *Matter of Levy,* 17 I&N Dec. 539 (BIA 1980).

The granting of a visa petition in this case is dependent upon the finding of the requisite familial relationship. The validity of the district director's ruling that the petitioner did not legitimate the beneficiaries must be determined under both New York and Haitian law pursuant to section 101(b)(1)(C) of the Act. The petitioner resides in New York and the beneficiaries reside in Haiti. The state of New York requires the marriage of the natural parents to effect legitimation. *See Matter of Reyes,* 17 I&N Dec. 512 (BIA 1980). Legitimation has not been effected under New York law as the petitioner states that he has never married the mother of the beneficiaries.

It must also be resolved whether the petitioner's acknowledgment of paternity in 1955 is sufficient to constitute legitimation under current Haitian law. Prior to 1959, the sole method to effect legitimation in Haiti was the marriage of the natural parents. *See Matter of Remy,* 14 I&N Dec. 183 (BIA 1972). The Presidential Decree of January 27, 1959, abolished all legal distinctions for Haitian children whether born in or out of wedlock except for the offspring of adulterous or incestuous relations. In *Matter of Richard,* 18 I&N Dec. 208 (BIA 1982), this Board recognized the effect of the decree and held that persons born out of wedlock in Haiti subsequent to January 27, 1959, and acknowledged by their natural fathers are deemed to be legitimate children under section 101(b)(1)(A) of the Act. This holding was expanded by the Board in *Matter of Mesias,* 18 I&N Dec. 298 (BIA 1982), to apply to persons

born out of wedlock prior to the 1959 Presidential Decree but who were acknowledged after the date the decree took effect. That decision stated that because the act of acknowledgment occurred after the 1959 decree, legitimation had been effected. It implied, based on a prior opinion by the Library of Congress, that the acknowledgment must take place after the 1959 decree. This would support the revocations in the instant cases by the district director since the acknowledgment took place prior to the 1959 decree.

During the pendency of this appeal an opinion dated October 27, 1983, was received from the Hispanic Law Division of the Library of Congress specifically addressing the effect of both birth and acknowledgment prior to the 1959 decree. The opinion states:

> The children in this inquiry benefit from the provisions of the Decree of January 27, 1959, prospectively, as of the date this law took force in Haiti. Since they were already acknowledged at the time (1955) of the registration of their births, no new act of acknowledgment needed to be executed to grant them the benefits of the law of 1959.

The Service concurs with this conclusion in a memorandum dated November 8, 1983. It concludes that the beneficiaries were timely legitimated and met the legal custody requirement as interpreted in *Matter of Rivers*, 17 I&N Dec. 419 (BIA 1980).

Consequently, our review of the record indicates that the beneficiaries were legitimated by the petitioner under Haitian law while under the age of 18 and qualify as his children under the provisions of section 101(b)(1)(C) of the Act.[1] Accordingly, the visa petitions shall be approved.

**ORDER:** The appeal is sustained and the approval of the visa petitions is reinstated.

---

[1] This resolution makes consideration of the petitioner's contentions regarding *Matter of Levy*, *supra*, unnecessary.